[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10924
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2012
JOHN LEY
CLERK

Docket No. 3:09-cv-00938-MMH-TEM


GARY WAYNE BETZNER,

                                                        Petitioner-Appellant,

        versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 13, 2012)

Before EDMONDSON, BARKETT, and FAY, Circuit Judges.


PER CURIAM:

Gary Wayne Betzner, a federal prisoner, appeals the dismissal of his pro se 28 U.S.C. § 2255 motion to vacate as successive. Reversible error has been shown; we vacate and remand for additional proceedings.

Betzner was convicted of various drug trafficking offenses and received a total sentence of 15 years' imprisonment followed by 2 concurrent 10-year special parole terms. In 1995, Betzner filed a motion to set aside his special parole terms. The district court granted the motion in part, vacating Betzner's special parole term for one of his offenses, but left the remainder of his sentence -- including the remaining 10-year special parole term -- unchanged.

In 2009, Betzner filed a petition for writ of coram nobis, which the district court construed as a section 2255 motion to vacate. Because Betzner had already filed a section 2255 in 1995[1] -- and had not obtained authorization from this Court to file a second section 2255 motion -- the district court dismissed the motion without prejudice as successive. Betzner then filed the instant motion for new trial, reasserting the same arguments as contained in his petition for writ of coram

---

[1]Although neither Betzner's 1995 motion nor the court's 1995 order referenced section 2255 specifically, Betzner sought to attack collaterally and to vacate his sentence and, thus, section 2255 was the appropriate avenue for relief. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in rare cases where it is inadequate to do so."). We see no error in -- and Betzner does not challenge -- the district court's factual determination that his 1995 motion was filed pursuant to section 2255.

2

nobis. The district court again construed the motion as a section 2255 motion and dismissed it without prejudice as successive.

We granted a certificate of appealability ("COA") on this issue:

Whether the district court erred, in light of the Supreme Court's intervening decision in Magwood v. Patterson, 561 U.S. __, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), in finding that Betzner's 28 U.S.C. § 2255 motion was second or successive, where it was his first § 2255 motion challenging an amended judgment of conviction.

We review de novo a district court's dismissal of a section 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). And in section 2255 proceedings, we review legal issues de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).[2]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, if a section 2255 motion is "second or successive," it cannot proceed unless authorized by the appropriate court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without such authorization, the district court must dismiss a second or successive section 2255 motion for lack of jurisdiction. Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007).

---

[2]In addition, we construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Supreme Court recently addressed whether the AEDPA's restriction on "second or successive" habeas petitions applied to a defendant who had already filed a 28 U.S.C. § 2254 petition attacking his original judgment but who then filed a second section 2254 petition attacking a second intervening judgment. Magwood, 130 S.Ct. at 2795. In doing so, the Court reasoned that because a habeas petitioner seeks the invalidation of his state court judgment, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." Id. at 2797. Thus, when "there is a 'new judgment intervening between the two habeas petitions,' [a petition] challenging the resulting new judgment is not 'second or successive' at all." Id. at 2802 (citation omitted). "[T]he existence of a new judgment is dispositive." Id. at 2800.[3]

Because Magwood was decided after the district court dismissed Betzner's section 2255 motion, the district court did not have the opportunity to consider whether the 1995 modification to Betzner's sentence constituted an intervening "new judgment" as contemplated by the Supreme Court. As a result, we vacate the district court's order and remand with instructions to determine whether Betzner's

---

[3]The Supreme Court has indicated that Magwood applies retroactively to cases on collateral review and to cases involving section 2255 motions. See Garza v. United States, 131 S.Ct. 1469 (2011) (vacating and remanding for the court of appeals to reconsider whether the defendant's section 2255 motion was successive in the light of Magwood, which was decided after the appellate court's initial decision).

section 2255 motion is successive in the light of the Supreme Court's decision in

Magwood.[4]

       VACATED AND REMANDED.

---

[4]Because we must resolve jurisdictional issues before addressing whether a claim is procedurally defaulted, we decline to address the government's argument that Betzner's instant section 2255 motion is time-barred.  See Steel Co. v. Citizens for a Better Env't, 118 S.Ct. 1003, 1012-16 (1998).