# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30519

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2016

Lyle W. Cayce
Clerk

In re:  DONALD HENSLEY, JR.,

      Movant

Motion for an order authorizing
the United States District Court for the
Eastern District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Donald Hensley, Jr., Louisiana prisoner # 112218, was convicted by a jury of armed robbery and sentenced to sixty years of imprisonment. *State v. Hensley*, 900 So. 2d 1, 4 (La. Ct. App. 2005). The state trial court later found Hensley to be a habitual offender and sentenced him to life without parole. *Id*. at 4–5. A state appellate court affirmed his conviction and sentence, and the Louisiana Supreme Court denied review. *Id*. at 14; *State v. Hensley*, 904 So. 2d 683 (La. 2005). Hensley then attempted to obtain postconviction relief, which the state courts also denied. *See Hensley v. Cain*, No. 07-1423, 2008 WL

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30519

3365690, at *3 (E.D. La. Aug. 7, 2008); *see also State ex rel. Hensley v. State*, 942 So. 2d 549 (La. 2006).

In 2007, Hensley filed a federal habeas petition, pursuant to 28 U.S.C. § 2254, challenging both his conviction and his sentence. A federal district court rejected most of Hensley's claims, including all claims directed at his underlying conviction, but determined that Hensley had received ineffective assistance of counsel during his habitual-offender proceeding. Consequently, the court vacated Hensley's habitual-offender life sentence while simultaneously reimposing Hensley's original sixty-year sentence and remanded to the trial court for the State to hold a new habitual-offender hearing in its discretion. *See generally Hensley v. Cain*, 2008 WL 3365690. The State chose not to hold such a hearing.

Hensley now seeks authorization to file a new § 2254 petition challenging his underlying conviction. Under 28 U.S.C. § 2244(b)(3)(A), a state prisoner needs permission from a court of appeals to file a "second or successive" § 2254 application, and that permission may only be granted if the application satisfies certain requirements. As explained below, Hensley's petition does not meet those requirements. So whether Hensley may proceed with his petition depends on the threshold issue whether it would be "second or successive" at all. Section 2244(b) does not define that phrase "second or successive," which is a "term of art." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). And not all second-in-time petitions are "second or successive." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). In *Magwood*, the Supreme Court clarified that even if the claims in a petition were or could have been brought previously, that petition is not "second or successive" if it "challenges a new judgment for the first time." 561 U.S. at 323–24. Whether Hensley needs this court's permission to proceed thus depends on whether the district court's vacatur of his habitual-

2

No. 16-30519

offender life sentence and simultaneous reinstatement of Hensley's original and underlying sixty-year sentence effected a "new judgment."

Though the unique facts of this case make that question more difficult than usual, we conclude that this adjustment of Hensley's sentence did not constitute a new "intervening judgment." *Id.* at 339.   "Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012).  Here, the reinstatement of Hensley's original sentence, which has never been invalidated, did not result in anything that "resemble[s] a full resentencing." *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding that a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) did not effect a new judgment under *Magwood*); *cf. Magwood*, 561 U.S. at 339 (finding a new judgment "where the state court conducted a full resentencing and reviewed the aggravating evidence afresh").  Nor, clearly, did it result in the entry of "a new judgment of conviction." *Lampton*, 667 F.3d at 589.  Hence, on the facts of this particular case, *Magwood*'s rule is inapposite.

Hensley therefore needs authorization from this court to proceed with his habeas petition.  To obtain such authorization, Hensley must make a prima facie showing:

> (A) . . . that the claim relies on a new rule of constitutional law, made retroactive to case on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

No. 16-30519

28 U.S.C. § 2244(b)(2)(A), (B) (formatting altered).

Hensley argues that his petition satisfies § 2244(b)(2)(A) because *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), announced a new constitutional rule establishing a right to effective assistance of counsel in collateral proceedings that has been made retroactive to cases on collateral review. Because he was not afforded counsel during his state post-conviction relief proceedings, Hensley asserts that he is entitled to bring a successive challenge to his armed robbery conviction. He is mistaken. *Martinez* recognized a "narrow," "equitable" exception to the procedural default doctrine "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding . . . if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1313, 1319–20. That decision did not establish a new rule of constitutional law. *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013). Moreover, "the Supreme Court has not made . . . *Martinez* . . . retroactive to cases on collateral review . . . ." *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014). Accordingly, Hensley's successive petition is barred.

For the reasons stated, IT IS ORDERED that Hensley's motion for authorization to file a second or successive § 2254 application is DENIED.