## PEOPLE *v.* MAGUIRE.

INSANE PERSONS—COMMITMENT TO ASYLUM—APPEAL.
> Where, pending an appeal from an order committing one accused of crime to the asylum for the dangerous and criminal insane, the respondent is discharged from the asylum, and the criminal case against him *nolle prossed,* the appeal will be dismissed without a determination of the questions raised.

Error to Calhoun; Smith, J. Submitted November 4, 1897. Decided November 17, 1897.

Eugene Maguire was adjudged insane, and committed to the asylum for the dangerous and criminal insane at Ionia, from which order he appeals. Appeal dismissed.

*Mains & Cavanagh,* for appellant.

*Andrew W. Lockton,* Prosecuting Attorney, for the people.

PER CURIAM. On April 27, 1897, the respondent was arrested upon the charge of willfully and maliciously setting fire to and burning the county jail of Calhoun county. He waived examination before the justice, was held for trial to the circuit court, and in default of bail was committed. On April 8th of the same year, his son filed a petition in the probate court, alleging the insanity of his father, and praying that he be adjudged insane, and confined in the asylum at Kalamazoo. According to the brief of his counsel, he was then confined in the county jail, under a conviction as a disorderly person. A hearing upon that petition was fixed for May 3d. Physicians certified to his insanity, but those proceedings were abandoned. June 11th the prosecuting attorney presented a petition to the circuit court, setting up these

115 MICH.—5.

proceedings and the arrest of respondent, and the pendency of the criminal cause against him, attached the affidavits of the physicians, and prayed that a determination be had as to his alleged insanity by the circuit judge, in accordance with the statute. A hearing was had, and the respondent adjudged insane, and committed to the asylum for the dangerous and criminal insane. He has appealed from that decision to this court, alleging irregularities in the proceedings, and attacking the constitutionality of Act No. 119, Pub. Acts 1895.

It is conceded by counsel that the respondent has been discharged from the asylum, and the criminal case against him *nolle prossed*. He is therefore in the full enjoyment of his liberty. He can gain nothing by reversal, for there is nothing to try if the case is reversed. An order releasing him would be a nullity, as he has been already released. There is no good purpose to be subserved by a determination of the case.

The appeal is therefore dismissed.