*In re* HALLEY.

HABEAS CORPUS—MOOT QUESTIONS.
After discharge from sentence and parole on which defendant had been previously released by parole board, his application for discharge on habeas corpus and certiorari would serve no useful purpose as questions raised by defendant have become moot.

Habeas corpus by Thomas Halley with certiorari to bureau of pardons and paroles to obtain release from State prison of southern Michigan. Submitted December 12, 1949. (Calendar No. 44,435.) Writs dismissed March 1, 1950.

*Hathaway & Latimer,* for petitioner.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Robert A. Cavanaugh,* Prosecuting Attorney, for people.

CARR, J. The petitioner, hereinafter referred to as the defendant, instituted this proceeding to obtain his release from the State prison of southern Michigan. Based on the application filed, a writ of habeas corpus directed to the warden of the prison was issued, with accompanying writ of certiorari to the bureau of pardons and paroles of the State of Michigan. Returns to the writs have been filed.

REFERENCES FOR POINTS IN HEADNOTES
25 Am Jur, Habeas Corpus, § 15.

From the record it appears that defendant was convicted by a jury in the circuit court for the county of Muskegon under an information charging gross indecency, and was sentenced on the 27th of June, 1947, to imprisonment in the State prison of southern Michigan for not less than 6 months nor more than 5 years. He was paroled on January 16, 1948, the parole being subject to the usual conditions as to conduct and to a special condition with reference to associations with young boys. On June 2, 1948, a warrant was issued for defendant's arrest on a charge of having violated his parole, and he was returned to the prison.

Defendant alleges in the petition filed by him in this Court that he was not given a hearing before the parole board as required by CL 1948, § 791.38 (Stat Ann 1949 Cum Supp § 28.2178). The return filed by the board discloses that it acted on statements made by defendant, and on information furnished to it by the parole officer. It is claimed that such action was taken in good faith and in the belief that there was no question as to defendant's conduct being in violation of the terms of his parole. It was further stated in the return, however, that if defendant desired a formal hearing his request would be granted.

By supplemental return to the writ of certiorari the bureau of pardons and paroles certifies that on the 19th of September, 1949, the parole board issued to the defendant a certificate of parole and released him under conditions which he accepted. The parole, certified copy of which is attached to the return, specified that it would be terminated on the making by him of a single report. Such condition was complied with, and on the 17th of October, 1949, the defendant was given a final discharge from his sentence and the parole on which he had been previously released. It thus appears that the ques-

tions raised by defendant in his petition have become moot. Having been granted his release from imprisonment, an order of the nature sought by him in his application for discharge on habeas corpus and certiorari would serve no useful purpose. A determination by this Court as to his right to the order sought has become unnecessary. *People* v. *Maguire,* 115 Mich 65; *Templeton* v. *Grajewski,* 258 Mich 68.

An order will enter dismissing the writs.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Bushnell, and Sharpe, JJ., concurred.