*In re* BELL.

HABEAS CORPUS—MOOT QUESTIONS.
> Questions sought to be raised in habeas corpus proceeding, finally submitted to the Supreme Court only 8 days before completion of sentence and discharge from prison, became moot when petitioner was no longer deprived of his liberty.

Habeas corpus by Bailey Charles Bell by his attorneys with ancillary certiorari to Recorders Court of the City of Detroit to obtain release from State Prison of Southern Michigan. Submitted May 11, 1950. (Calendar No. 44,156.) Writ dismissed June 27, 1950.

*Geo. W. Crockett, Jr.,* and *Ernest Goodman,* for petitioner.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert N. Smiley* and *Herbert Burdick,* Assistants Prosecuting Attorney, for the people.

CARR, J. It appears from the record before us in this matter that Bailey Charles Bell, herein referred to as the defendant, was convicted by a jury in the recorder's court of the city of Detroit of an attempt to commit the crime of pandering. The statutory

---

REFERENCES FOR POINTS IN HEADNOTES
2 Am Jur, Appeal and Error, § 152; 3 Am Jur, Appeal and Error, §§ 733, 824, 1164; 14 Am Jur, Courts, § 49.

provisions on which the prosecution was based are found in CL 1948, § 750.92 (Stat Ann § 28.287) and CL 1948, § 750.455 (Stat Ann § 28.710). On May 9, 1946, following the conviction, defendant was sentenced to the State prison of southern Michigan for a term of not less than $4\frac{1}{2}$ nor more than 5 years. Apparently there was no motion for a new trial, nor any attempt to appeal the conviction and sentence to this Court.

The petition by which this proceeding was instituted was signed and filed by attorneys representing defendant. It sets forth the claim that the complaint, warrant and information in the case did not properly allege the offense in question, and that the information was insufficient to support a conviction. On the filing of said petition a writ of habeas corpus was issued, directed to the warden of the State prison of southern Michigan, with ancillary writ of certiorari to the recorder's court. The return to the first writ set forth the mittimus pursuant to which defendant was held in custody. The trial judge, in his return to the writ of certiorari, denied the insufficiency of the complaint, warrant and information. Briefs were filed, and the case was finally submitted to this Court on May 11, 1950.

On May 26th, following the submission of the matter, a supplemental return to the writ of habeas corpus was filed by the warden of the State prison, setting forth that defendant's maximum term, less his statutory allowance for good time, had expired on May 19th, and that defendant had been discharged from prison, and from his sentence, on that date. In consequence the questions sought to be raised in the matter have become moot. Defendant has served the sentence imposed on him by the trial court and is not now deprived of his liberty. The situation is analogous to that presented in *Re Hal-*

*ley,* 327 Mich 222, and in prior decisions of this Court cited in the opinion in that case.

An order will enter dismissing the writs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.