OLIVER GOBIN *v.* PARKER L. HANCOCK.

*Oliver Gobin, pro se.*

*Gordon M. Tiffany,* Attorney General and *William S. Green,* Deputy Attorney General, for the defendant.

LAMPRON, J. A person must be imprisoned or otherwise restrained of his personal liberty to be entitled to a writ of *habeas corpus.* R. L., c. 406, s. 1; *Van Meter* v. *Sanford,* 99 F. (2d) 511; 39 C. J. S. 428; 25 Am. Jur. 158. Having been granted his release from imprisonment, the right of the petitioner to the relief he seeks is now a moot question. A determination thereof by this court has therefore become unnecessary and would serve no useful purpose. *In re Halley,* 327 Mich. 222; *State ex rel. Magrum* v. *Nygaard,* 38 N. W. (2d) 370 (1949).

Since this appeal the petitioner has filed three other petitions for a writ of *habeas corpus* in this same matter. One was filed August 3, 1950, another September 12, 1950, and another October 20, 1950. A refusal to grant a writ of *habeas corpus* or a dismissal of one is not *res judicata* on a subsequent application for such a writ. *Sheehy* v. *Sheehy,* 88 N. H. 223, 226. However, "repeated applications for a writ of *habeas corpus* introducing no new facts material to the issue will ordinarily be summarily disposed of." *Petition of Moebus,* 74 N. H.

213; *U. S. ex rel. McCann* v. *Thompson,* 144 F. (2d) 604, 606, cert. den., 323 U. S. 790; *Salinger* v. *Loisel,* 265 U. S. 224, 231; *Ex parte Tidwell,* 222 P. (2d) 760 (1950).

*Petition dismissed.*

JOHNSTON C. J., did not sit: the others concurred.