# Bernard Woodmansee v. R. Kent Stoneman

[315 A.2d 249]

No. 197-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Bernard Woodmansee, pro se.*

*Kimberly B. Cheney,* Attorney General, and *William O. Wuester,* Assistant Attorney General, for Defendant.

**Shangraw, C.J.** The petitioner, Bernard Woodmansee, seeks his release from the Vermont State Prison at Windsor, Vermont, by *habeas corpus*. He was arraigned on August 21, 1972, on a state's attorney's information and warrant, and charged with the crime of accessory after the fact to murder. At arraignment, he filed a motion stating that he was not the man named in the warrant. The District Court, Chittenden Circuit, entered a *pro forma* plea of not guilty, set bail at $50,000, and committed him to the Regional Correctional Facility. He was then transferred to the Vermont State Prison at Windsor.

This action is petitioner's second challenge to his pre-trial confinement by petition for writ of *habeas corpus*. His first petition alleged, among other things, that his detention for trial was not supported by proper cause to believe that he committed the crime charged. The petition was heard before the Windsor County Court on September 15, 1972, and on September 18, 1972, the petition was denied. Petitioner appealed, and that case is now pending before this Court, Docket No. 182-72.

On October 13, 1972, petitioner filed a second petition for a writ of *habeas corpus* in the Windsor County Court, alleging that the "information fails to supply reasonable ground for belief that petitioner committed the crime charged," and thus "fails to allege facts sufficient to bestow jurisdiction on the trial court." The Windsor County Court found that the grounds alleged in the second petition were substantially the same as those alleged in the first petition, and dismissed the cause pending final adjudication of the first petition, Docket No. 182-72, before the Vermont Supreme Court. Petitioner appealed, and the denial of this second petition is now before us.

At common law the denial of relief to a prisoner in a *habeas corpus* proceeding was not a bar to a second application for the writ. *King* v. *Suddis*, 1 East 306, 102 Eng. Rep. 119 (K.B. 1801); *Ex Parte Cuddy*, 40 F. 62, 65 (Ar.Ct.S.D. Cal. 1889); *Salinger* v. *Loisel*, 265 U.S. 224, 230 (1924). Both state and federal courts have adopted the common law rule and have consistently held that *res judicata* is inapplicable to *habeas corpus*. *Salinger* v. *Loisel, supra; Fay* v. *Noia,* 372

U.S. 391, 423 (1963); *Sheehy* v. *Sheehy,* 88 N.H. 223, 186 A. 1, 4 (1936); *In re Turner,* 92 Vt. 210, 213, 102 A. 943 (1918). The principle stems, it is often said, from the fact that at common law *habeas* judgments were not appealable. *Salinger* v. *Loisel, supra,* at 230–31; *State ex rel. Gaster* v. *Whitcher,* 117 Wis. 668, 94 N.W. 787 (1903). And, as *res judicata* was only applicable to judgments reviewable by writ of error, it was not applicable to *habeas* judgments. See Gordon, The Unruly Writ of Habeas Corpus, 26 Modern L. Rev. 520, 523 (1963) ; Goddard, A Note on Habeas Corpus, 65 L.Q. Rev. 30, 36 (1949) ; Annot., 161 A.L.R. 1331 (1946).

But, as stated by Mr. Justice Brennan, "[C]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged. If 'government . . . [is] always [to] be accountable to the judiciary for a man's imprisonment,' . . . access to the courts on *habeas* must not be thus impeded. The inapplicability of *res judicata* to *habeas,* thus, is inherent in the very role and function of the writ." *Sanders* v. *United States,* 373 U.S. 1, 8 (1962), and is not dependent on the existence of a right of appeal.

■ Courts and justices, or judges, however, are not powerless to prevent an abuse of the writ by successive applications on the same state of facts. *In re Turner, supra,* 94 Vt. at 214. For while denial of relief to a prisoner in a prior proceeding is not a bar to a subsequent application for the writ, the court may take into consideration the fact of a prior application and the decision thereon, and may decline to entertain the new application, or may again deny relief to the prisoner. *Gobin* v. *Hancock,* 96 N.H. 450, 78 A.2d 531 (1935); *Com. ex rel. Bordner* v. *Russell,* 422 Pa. 365, 221 A.2d 177 (1966) ; *Ex Parte Cuddy, supra,* at 66; Annot., 161 A.L.R. 1331 (1946). The controlling principle seems to be that "each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be considered, and even given controlling weight, are . . . a prior refusal to discharge on a like application." *Salinger* v. *Loisel, supra,* at 231.

■ We see no reason why a successive petition should not be denied where (1) the same ground presented in the subsequent application was determined adversely to the petitioner on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. These are the rules applied by the federal courts and we approve both the rules and their rationale. See *Sanders* v. *United States, supra,* at 15–19.

■ It is clear, from an application of the foregoing principles, that the action of the Windsor County Court was not improper. Petitioner presented the same ground, the sufficiency of the information on which he was charged, in both petitions. That issue was heard on the merits and determined adversely to the petitioner on his first petition. His second petition alleged the same ground, and no other. He simply made the same allegation, couched it in slightly different language, and summoned a different legal theory to support it. But identical grounds may often be couched in different language, *Sanders* v. *United States, supra,* at 16, or supported by different legal arguments, *c.f. Wilson* v. *Cook,* 327 U.S. 474, 481 (1946) ; *Dewey* v. *Des Moines,* 173 U.S. 193, 198 (1899). We do not see that the grounds presented in this petition differ in any material way from those presented in the first petition. Nor can we conclude that the ends of justice would be served in reaching the merits of this second petition.

*Judgment affirmed.*