*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CO-0390

GREGORY TERRELL, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2005-FEL-001113)

(Hon. Andrea L. Hertzfeld, Motions Judge)

(Argued May 15, 2024            Decided July 10, 2025)
(Amended January 15, 2026[1])

*Adrian E. Madsen*, for appellant.

*Kevin Birney*, Assistant United States Attorney, with whom *Matthew M. Graves*, then United States Attorney, and *Chrisellen R. Kolb*, *Elizabeth H. Danello*, and *Amanda Williams*, Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and HOWARD and SHANKER, *Associate Judges*.

---

[1] After the July 10, 2025, initial publication of this opinion, the division granted in part appellant's petition for rehearing on January 15, 2026. The division amended the opinion by striking a portion of Section II(A)(3) and footnote 11 (now footnote 12) and replacing it with a revised Section II(A)(3).

BLACKBURNE-RIGSBY, *Chief Judge*:  This appeal arises from the trial court's denial of appellant Gregory Terrell's motion for resentencing pursuant to D.C. Code § 23-110.  Mr. Terrell argues that the trial court erred because, among other things, it held that his motion was successive.

Mr. Terrell was convicted by a jury of assault with intent to kill while armed (AWIKWA), aggravated assault while armed (AAWA), and related offenses based on the 2004 shooting of Darren Marshall that left Mr. Marshall seriously wounded. *Terrell v. United States*, No. 06-CF-1503, Mem. Op. & J. at 1 (D.C. Oct. 17, 2012). Over the course of nine years, Mr. Terrell filed multiple post-conviction motions in the trial court, the last of which is the subject of this appeal.  Mr. Terrell filed this final motion pursuant to Section 23-110 (second Section 23-110 motion), seeking to vacate and correct his sentence by claiming that his due-process rights were violated when the trial court relied on Mr. Marshall's false victim impact statement in rendering its sentence.  The trial court determined that the motion was procedurally barred under *Shepard v. United States*, 533 A.2d 1278 (D.C. 1987).   In the alternative, the trial court concluded that the motion was successive because the trial court had previously denied prior motions in which Mr. Terrell advanced the same claim—that his sentence should be reduced due to the trial court's improper reliance on Mr. Marshall's false victim impact statement.

We hold that the trial court did not abuse its discretion in determining that the motion was successive. In doing so, we adopt the rule articulated in *Sanders v. United States*, 373 U.S. 1, 16 (1963) and clarify that a motion may be deemed successive under Section 23-110 when the movant asserts an identical ground for relief as that which they asserted in a previous motion even if they make different legal or factual arguments. Accordingly, we affirm the trial court's order denying Mr. Terrell's second Section 23-110 motion.

## I.    Factual and Procedural Background

Following a jury trial, Mr. Terrell was convicted of one count of AWIKWA, one count of AAWA, and several additional offenses related to the October 27, 2004, shooting of Mr. Marshall.[2] *Terrell*, Mem. Op. & J. at 1. On November 20, 2006, Mr. Terrell was sentenced to an aggregate term of 324 months (twenty-seven years) of incarceration, which included consecutive sentences of 192 months (sixteen years) for AWIKWA and 132 months (eleven years) for AAWA. During the sentencing hearing, Mr. Marshall provided a victim impact statement that included the following testimony: "I got a bullet in my back. I got to sleep on my stomach.

---

[2] Mr. Terrell was also convicted of two counts of possession of a firearm during a crime of violence, one count of carrying a dangerous weapon outside of a home or business, one count of possession of an unregistered firearm, and one count of unlawful possession of ammunition.

You know, my penis don't get hard no more, you know what I'm saying?  Because of that, you know, so I can't have no more babies."  After Mr. Marshall concluded his testimony, Mr. Terrell's counsel stated, "I do not recall there being medical evidence of what was just said."  The trial court acknowledged defense counsel's statement, and the government did not respond.[3]  On October 17, 2012, this court affirmed Mr. Terrell's convictions except that it remanded to the trial court with instructions to vacate one of his weapons offenses on merger grounds.  *Id.* at 4.

On December 22, 2007, about one year after the trial court sentenced Mr. Terrell, Mr. Marshall assaulted and raped a housekeeping employee at a Holiday Inn in Gaithersburg, Maryland.  Mr. Marshall was arrested in February 2012 and pled guilty to first-degree rape in September 2012.  Mr. Terrell learned about Mr. Marshall's arrest in July 2012 and later learned that Mr. Marshall had fathered another child.[4]  In December 2012, Mr. Terrell filed a pro se motion to reduce his

---

[3] According to the sentencing hearing transcript, neither Mr. Terrell's counsel nor the trial court referred to counsel's statement as an "objection."  The trial court also did not rule on any objection.  In the order denying Mr. Terrell's second Section 23-110 motion, however, the trial court stated that defense counsel "objected" when she questioned whether medical evidence supported Mr. Marshall's claims of impotence and infertility.

[4] Although the government does not dispute Mr. Terrell's claim that Mr. Marshall fathered another child, the record neither indicates how Mr. Terrell learned about the allegation nor confirms whether it is true.

sentence under Rule 35(b) of the Superior Court Rules of Criminal Procedure, contending that Mr. Marshall's statement about his impotence and infertility was false and that this false statement "played a major factor in the severity" of Mr. Terrell's sentence. Mr. Terrell also sought a reduction of his sentence because he had "really worked hard at rehabilitating" himself since his incarceration and accepted full responsibility for his actions. The trial court denied the motion for two reasons. First, the trial court explained that Mr. Terrell's rehabilitation was not a relevant factor for the court to consider under Rule 35(b). Second, the trial court determined that the information indicating the falsity of Mr. Marshall's victim impact statement "d[id] not warrant a reduction of sentence."

In August 2013, Mr. Terrell filed a pro se motion to vacate, set aside, or correct his sentence pursuant to Section 23-110. He claimed, among other things, that his trial counsel was ineffective because she failed to assist him in entering a plea and erroneously assumed that he would receive concurrent sentences for his AWIKWA and AAWA convictions. In the motion's conclusion, Mr. Terrell revived his allegation that the trial court wrongfully relied on Mr. Marshall's victim impact statement when it issued his sentence. Following an evidentiary hearing,[5] the trial court denied the motion, concluding that Mr. Terrell's claims were procedurally

---

[5] Mr. Terrell was represented by counsel at the evidentiary hearing following appointment by the trial court.

barred and failed on the merits. The trial court did not address Mr. Terrell's claim regarding Mr. Marshall's victim impact statement. On appeal, this court affirmed. *See Terrell v. United States*, No. 15-CO-0789, Mem. Op. & J. (D.C. Feb. 16, 2018).

In August 2018, with the assistance of counsel, Mr. Terrell filed his second Rule 35(b) motion to reduce his sentence. He urged the trial court to reduce his sentence in light of his difficult childhood as well as his demonstrated maturity and rehabilitation during incarceration. The trial court denied the motion because it was "not only procedurally barred to the extent that the motion was successive and statutorily belated, but also for any lack of substantive reason to reduce the sentence imposed in this case."

In July 2022, Mr. Terrell, through counsel, filed the motion at issue in this appeal: his second Section 23-110 motion. In this motion, Mr. Terrell claims "that the trial court's reliance on Mr. Marshall's false statements at the time of sentencing concerning his injuries offends due process and require[s] resentencing." The trial court denied the motion, ruling that Mr. Terrell's claim was procedurally barred under *Shepard* and that Mr. Terrell failed to establish cause for his failure to file the motion during the pendency of his direct appeal and prejudice that resulted from this failure. The trial court reasoned that Mr. Terrell knew or should have known of the basis for his due-process claim during the pendency of his direct appeal based on his

trial counsel's "objection" at sentencing that medical evidence did not support Mr. Marshall's claims of impotence and infertility. The trial court also relied on Mr. Terrell's admission that he learned in July 2012 of Mr. Marshall's arrest for rape. Because Mr. Terrell failed to raise the claim before his direct appeal concluded in October 2012, the trial court determined that his second Section 23-110 motion was procedurally barred. The trial court also concluded that the motion was successive because it had previously denied Mr. Terrell's first Rule 35(b) motion in which he sought a reduced sentence based on the trial court's improper reliance on Mr. Marshall's false statements.[6]

Mr. Terrell timely noted an appeal of the trial court's order denying his second Section 23-110 motion.

## II.     Discussion

A defendant may move the trial court to vacate, set aside, or correct their sentence on the grounds that the sentence was unconstitutional or illegal under District of Columbia law. D.C. Code § 23-110(a). The statute "is not designed to be a substitute for direct review." *St. John v. United States*, 227 A.3d 141, 144

---

[6] In reaching this conclusion, the trial court also noted that Mr. Terrell "raised this claim again in his" first Section 23-110 motion. As discussed, however, the trial court did not address Mr. Terrell's claim regarding Mr. Marshall's victim impact statement when it denied his first Section 23-110 motion.

(D.C. 2020) (quoting *Head v. United States*, 489 A.2d 450, 451 (D.C. 1985)). "Relief under [Section] 23-110 is appropriate only for serious defects in the trial which were not correctible on direct appeal or which appellant was prevented by exceptional circumstances from raising on direct appeal." *White v. United States*, 146 A.3d 101, 107 (D.C. 2016) (quoting *Head*, 489 A.2d at 451).

"In any proceeding that will affect a constitutionally-protected interest in life, liberty[,] or property, due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Quincy Park Condo. Unit Owners' Ass'n v. D.C. Bd. of Zoning Adjustment*, 4 A.3d 1283, 1289 (D.C. 2010) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). In criminal proceedings, "[t]he Due Process Clause 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [they are] charged.'" *Conley v. United States*, 79 A.3d 270, 278 (D.C. 2013) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). When a criminal defendant is convicted, the requirements of due process continue to operate at sentencing. *See, e.g.*, *United States v. Hamid*, 531 A.2d 628, 643 (D.C. 1987). Because the fair administration of justice requires the sentencing judge to have knowledge of all material facts, *see id.* at 644-45, "due process is violated when the sentencing judge relies on material false assumptions as to any facts relevant to

sentencing," *(Jerome) Bradley v. District of Columbia*, 107 A.3d 586, 595 (D.C. 2015) (internal quotation marks omitted) (quoting *Caldwell v. United States*, 595 A.2d 961, 967 (D.C. 1991)); *see also Hamid*, 531 A.2d at 645 ("Fair administration of justice demands that the sentencing judge will not act on surmise, misinformation and suspicion . . . ." (quoting *United States v. Malcom*, 432 F.2d 809, 819 (2d Cir. 1970))); *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that the trial court's "careless or designed pronouncement of [the] sentence on a foundation so extensively and materially false . . . renders the proceedings lacking in due process").

We review the trial court's denial of a Section 23-110 motion for abuse of discretion. *See, e.g.*, *Barrie v. United States*, 279 A.3d 858, 863 (D.C. 2022). With respect to "the trial court's legal conclusions and any issues of statutory construction," however, we apply de novo review. *Mitchell v. United States*, 977 A.2d 959, 963 (D.C. 2009).

### A. Mr. Terrell's Second Section 23-110 Motion Is Successive

Mr. Terrell asserts that the trial court erred in determining that his second Section 23-110 motion was successive because, unlike in his first Rule 35(b) motion, he "challenged the trial court's consideration of Mr. Marshall's false statements at sentencing as a violation of due process." The government contends that

Mr. Terrell's second Section 23-110 motion is successive because he "already raised his complaint regarding [Mr.] Marshall's statements in his first Rule 35(b) motion, and [the trial court] denied it on the merits."[7] For the reasons explained below, we agree with the government and hold that the trial court did not abuse its discretion in ruling that Mr. Terrell's second Section 23-110 motion is successive under Section 23-110(e).[8]

---

[7] The government also raises the alternate theory of abuse of the writ. The Supreme Court has explained that, under federal law, a habeas motion is procedurally barred under the abuse-of-the-writ doctrine if a defendant (1) raises in a subsequent post-conviction motion a new ground for relief that they did not raise in the prior motion, and (2) fails to meet the cause-and-prejudice standard. *See McCleskey v. Zant*, 499 U.S. 467, 490-95 (1991). Because we decide this case on successiveness grounds, we decline to reach the government's abuse-of-the-writ arguments.

[8] We note that "[o]nce a [Section] 23-110 motion has been filed, 'there is a presumption in favor of holding a hearing.'" *Hardy v. United States*, 988 A.2d 950, 961 (D.C. 2010) (quoting *Little v. United States*, 748 A.2d 920, 922 (D.C. 2000)). To that end, this court "will affirm the trial court's denial of a [Section] 23-110 motion without a hearing only if the claims (1) are palpably incredible; (2) are vague and conclusory; or (3) even if true, do not entitle the movant to relief." *Id.* (quoting *Jones v. United States*, 918 A.2d 389, 403 (D.C. 2007)). Here, the trial court denied Mr. Terrell's second Section 23-110 motion without holding an evidentiary hearing. Mr. Terrell, however, does not argue that the trial court erred in failing to hold a hearing. Instead, he asks this court to "revers[e] and remand[] for the trial court to determine whether to hold an evidentiary hearing under correct legal principles and without a clearly erroneous assessment of the evidence." In any event, we conclude that the trial court did not abuse its discretion in denying Mr. Terrell's second Section 23-110 motion without a hearing because his motion was successive and, therefore, his claim, "even if true, do[es] not entitle [him] to relief." *Id.* (quoting *Jones*, 918 A.2d at 403); *see, e.g.*, *Barrie*, 279 A.3d at 863 ("We review . . . the trial

### 1. A successive motion under *Sanders*

Under Section 23-110, "[t]he court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." D.C. Code § 23-110(e). "This [procedural] bar on second or successive motions originated with 28 U.S.C. § 2255," which offers "habeas relief to federal prisoners[]." *Long v. United States*, 163 A.3d 777, 782 (D.C. 2017). Like Section 23-110, 28 U.S.C. § 2255 allows prisoners to move the court to vacate, set aside, or correct a sentence on the grounds that the sentence was imposed in violation of the Constitution or other federal law. 28 U.S.C. § 2255(a). Because Section 23-110 does not define the phrase "second or successive," we look to federal habeas case law for guidance in interpreting the provision. *See Long*, 163 A.3d at 783 ("This court has long looked to federal habeas case law to interpret parallel provisions of [Section] 23-110 and the meaning of the bar on 'second or successive' motions, in particular." (footnote omitted)).

*Sanders v. United States*, 373 U.S. 1 (1963) is the seminal case concerning a successive motion under 28 U.S.C. § 2255. In that case, the Court established the rule that:

court's decision whether to hold a hearing on the [Section 23-110] motion for abuse of discretion.").

> Controlling weight may be given to denial of a prior application for federal habeas corpus or [Section] 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Sanders*, 373 U.S. at 15 (footnote omitted). The Court defined "ground" as a "sufficient legal basis for granting the relief sought." *Id.* at 16. As an example, the Court stated that "the contention that an involuntary confession was admitted in evidence against [the petitioner] is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion." *Id.* "In other words," according to the Court, "identical grounds [for relief] may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects." *Id.* (citations omitted). With that said, the Court cautioned that any doubts about whether the grounds for relief are the same should be resolved in the petitioner's favor. *Id.*

When analyzing the issue of whether a motion is "successive" under Section 23-110, we have relied on the Supreme Court's analysis in *Sanders* and its

progeny.[9]  In *Vaughn v. United States*, 600 A.2d 96 (D.C. 1991), for example, the appellant filed a series of post-conviction motions, including a Section 23-110 motion, a writ of error coram nobis that alternatively requested relief under Section 23-110, and a supplemental coram nobis motion, among others.  600 A.2d at 96-97.  The trial court denied the latter two motions in a single order on the grounds that the defendant was reiterating claims that the court had previously denied.  *Id.*  Relying on *Sanders*, this court affirmed, holding that the appellant's writ of error coram nobis and supplemental coram nobis motion "merely repeated contentions previously rejected in three prior motions." *Id.* (internal quotation marks and brackets omitted).

Similarly, in *(Ronald) Bradley v. United States*, 881 A.2d 640 (D.C. 2005), we cited to *Vaughn* and explained that "[a] motion is successive if it raises claims identical to those raised and denied on the merits in a prior motion."  881 A.2d at 645 (internal quotation marks omitted).  In that case, the appellant alleged in his first

---

[9] *See, e.g.*, *Kuhlmann v. Wilson*, 477 U.S. 436 (1986), *superseded on other grounds by statute*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, *as recognized in Banister v. Davis*, 590 U.S. 504 (2020).  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed additional restrictions on federal habeas relief.  *See Long*, 163 A.3d at 783 n.13.  As such, "[w]e do not rely . . . on federal case law interpreting additional restrictions imposed by AEDPA on post-conviction relief under" federal law because "AEDPA did not alter [Section] 23-110, and thus these restrictions 'are not applicable at all in the District of Columbia courts.'" *Id.* (quoting *Graham v. United States*, 895 A.2d 305, 307 (D.C. 2006)).

Section 23-110 motion that his trial counsel was ineffective for failing to advise the court of his claim of innocence, whereas in his second motion he alleged that his trial counsel was ineffective for failing to request a competency hearing. *Id.* at 643. We held that the appellant's second Section 23-110 motion was successive notwithstanding the inclusion of new factual allegations because the legal claims he raised in the motions were not distinct. *See id.* at 645 ("[T]he fact that [appellant]'s second claim of ineffective assistance is based on acts or omissions by counsel that were not alleged in the first motion does not affect our conclusion that the second motion is 'successive . . . .'"). Conversely, in *McCrimmon v. United States*, 853 A.2d 154 (D.C. 2004), we ruled that the appellant's second ineffective-assistance-of-counsel claim under Section 23-110 was not successive because it was based on an alleged conflict of interest, whereas the first motion was based on "grounds other than conflict of interest." 853 A.2d at 159.

As these cases illustrate, our existing Section 23-110 case law is consistent with *Sanders* such that the trial court has discretion to rule that a Section 23-110 motion is successive only if the defendant raises grounds for relief that are identical to those raised in a prior motion that was denied on the merits. We have not, however, explicitly adopted the rule from *Sanders* that the trial court has discretion to rule that a defendant has raised identical grounds for relief in two separate motions even if the motions are "supported by different legal arguments, . . . couched in

different language, or vary in immaterial respects." 373 U.S. at 16 (citations omitted). In adopting this rule today, we find the numerous applications of this rule in federal and state appellate courts persuasive.

## 2. Applications of *Sanders* in other jurisdictions

As the Fourth Circuit explained in *Miller v. Bordenkircher*, 764 F.2d 245 (4th Cir. 1985), *Sanders* has been codified under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts,[10] which provides that a court may dismiss a successive petition "if the [court] finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." 764 F.2d at 248 (internal quotation marks omitted); *see also Walker v. Lockhart*, 726 F.2d 1238, 1242 (8th Cir. 1984) ("The general effect of [R]ule 9(b) . . . is to codify the criteria outlined in *Sanders*."). The court explained that "[t]he bar established by Rule 9(b) encourages petitioners to present their claims simultaneously for resolution, rather than fragmenting grounds for collateral relief or advancing endless permutations of the same themes." *Miller*, 764 F.2d at 248. Indeed, as the court stated, the legislative history of Rule 9(b) makes clear that the rule helps to protect against "successive petitions submitted in the hope of getting before a different judge

---

[10] Similar to 28 U.S.C. § 2255, which offers habeas relief to prisoners in federal custody, 28 U.S.C. § 2254 offers habeas relief to prisoners in state custody. *See* 28 U.S.C. § 2254.

in multijudge courts," as well as "claims withheld in the hope that delay will result in witnesses and records being lost." *Id.* (citing Advisory Committee Notes) (internal quotation marks omitted). To that end, "successive petitions must, of necessity, accommodate the needs of first-time litigants [over those of successive litigants] lest the search for justice for all become satisfactory justice for too few." *Id.* We agree. Because of the limited resources in our judicial system, it is important to discourage movants from filing multiple motions asserting the same claim with the hope of securing a more favorable outcome on the second or third attempt.

The rule we adopt today is further supported by our longstanding interest in "respect[ing] . . . the finality of judgments." *Hardy*, 988 A.2d at 960 (quoting *McCrimmon*, 853 A.2d at 160); *see also Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) (stating in the context of a federal death penalty case that "[t]he procedures adopted to facilitate the orderly consideration and disposition of habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error"); *Miller*, 764 F.2d at 249 ("At some point, the system must declare that justice has been done insofar as human capacity exists to dispense it, and attempt to focus the attention of those it has incarcerated upon rehabilitation rather than relitigation."). To the extent that justice requires concerns of judicial economy and finality of judgments give way to considerations that weigh in favor of resolving the successive

motion on the merits, we emphasize that the trial court has discretion to reach the merits of the motion if doing so would serve "the ends of justice." *Vaughn*, 600 A.2d at 97 (citing *Sanders*, 373 U.S. at 15).

In *Miller*, the Fourth Circuit applied *Sanders* and concluded that a third habeas petition was successive despite the appellant advancing legal arguments in that petition that differed from those he put forth in his two previous petitions. *See* 764 F.2d at 250. In that case, the appellant filed three habeas petitions over the course of nine years, collaterally attacking his guilty plea in each petition by alleging that it was not voluntary. *Id.* at 246-47. In his third petition, the appellant asserted for the first time that the trial court failed to advise him of his right not to self-incriminate. *Id.* The Fourth Circuit determined that the trial court did not abuse its discretion in dismissing this claim because it merely operated as a new formulation of the involuntary-plea claim. *See id.* at 250. Indeed, in one of the previous petitions in which the appellant challenged the voluntariness of his plea, the appellant "framed the issue in self-incrimination terms." *Id.* The court concluded that the appellant's claim that he "was not advised of his right to silence is necessarily intertwined with both voluntariness and self-incrimination, the merits of which were [previously] decided adversely to [appellant]." *Id.*

Similarly, in *Molina v. Rison*, 886 F.2d 1124 (9th Cir. 1989), the Ninth Circuit held that the appellant's subsequent Section 2255 motion was successive despite him raising different legal arguments, as compared to his earlier Section 2255 motion, because the ground for relief remained the same. 886 F.2d at 1130. In both motions, the appellant challenged the sentence disparity between his sentence and his co-defendant's sentence. *Id.* at 1129-30. In the earlier motion, the appellant argued that his sentence was improper because the sentencing court: (1) relied on an unconstitutional prior conviction; and (2) violated "equal protection" and "fundamental fairness" by giving his co-defendant a lighter sentence for cooperating with the government and deeming the appellant "uncooperative" when he insisted upon his right to a stipulated-facts trial. *Id.* In the subsequent motion, the appellant argued that the sentencing court improperly considered his noncooperation as a factor in imposing the sentence because: (1) it violated his "[S]ixth [A]mendment right to rely on his attorney's advice without negative consequences"; (2) it violated his Fifth Amendment right to refuse to speak with the probation office; and (3) his refusal to speak with the probation office did not indicate "uncooperativeness," as he was relying on his attorney's advice. *Id.* at 1130. The Ninth Circuit concluded that the subsequent motion was successive because "[t]he basic thrust of both sets of claims is that the trial judge lacked any legitimate basis for imposing different sentences." *Id.* at 1130; *see also id.* at 1129 ("[A] ground is successive if the basic

thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." (internal quotation marks omitted)). According to the court, the appellant did not assert a new ground for relief by shifting his legal theory from a violation of his "right to trial" to a violation of his "right to rely on his attorney's advice." *Id.* at 1130.

Other federal appellate courts have also followed *Sanders*'s guidance for determining whether an appellant asserted the same grounds for relief in multiple motions. *See, e.g., Raulerson v. Wainwright*, 753 F.2d 869, 873 (11th Cir. 1985) (holding appellant raised same grounds for relief across two petitions in which he alleged ineffective assistance of counsel based on counsel's alleged failure to respond appropriately to pretrial publicity and to respond to other-crimes evidence at sentencing notwithstanding the addition of new factual allegations in the subsequent petition because "both petitions allege[d] that counsel's ineffectiveness was manifest in the same way" and the "legal basis for granting relief ha[d] not been altered"); *Walker*, 726 F.2d at 1242-43 (holding appellant raised same ground for relief in subsequent petition in which he alleged a due-process violation based on trial judge's allegedly prejudicial remarks, as appellant had previously raised a due-process claim based on the judge's alleged bias or prejudice, even though the appellant raised a new factual allegation regarding the judge's tone of voice and demeanor). lest the search for justice for all become satisfactory justice for too few

We also find persuasive state supreme court decisions that rely on *Sanders* when analyzing whether a motion is successive. For instance, in *State v. Canales*, 432 P.2d 394 (N.M. 1967), the Supreme Court of New Mexico concluded that a post-conviction motion was successive even though it was brought pursuant to a different legal authority than the earlier motion because it was based on the same grounds for relief as the earlier motion. *See* 432 P.2d at 396. In that case, the appellant filed a motion for writ of coram nobis, which the trial court denied after a hearing. *Id.* at 395. The appellant later filed a motion for post-conviction relief under the then-operative Rule 93(d) of the New Mexico Rules of Civil Procedure, which also stemmed from 28 U.S.C. § 2255. *Id.* Applying *Sanders*, the Supreme Court of New Mexico held that the Rule 93 motion was successive notwithstanding the fact that the appellant brought his earlier motion pursuant to a different legal authority. *Id.* at 396. As this case makes clear, a motion can be successive under *Sanders* even if it is brought under a different legal mechanism than the prior motion.

In other cases, state supreme courts have, under *Sanders*, ruled that a subsequent motion was not successive even though it was brought under the same cause of action as the earlier motion. For example, in *James L. v. Commissioner of Correction*, 712 A.2d 947 (Conn. 1998), the Supreme Court of Connecticut held that the petitioner's subsequent habeas petition alleging ineffective assistance of counsel was not successive to his prior petition in which he alleged ineffective assistance

because he did not assert the same ground for relief. 712 A.2d at 952. In his first petition, the petitioner "claimed ineffective assistance of counsel *at trial*" and sought a new trial. *Id.* (emphasis added). In his second petition, he claimed ineffective assistance of counsel *at sentencing* and sought relief "in the form of an opportunity to apply belatedly for sentence review." *Id.* Even though the petitioner raised ineffective-assistance-of-counsel claims in both motions, the court determined that the second motion was not successive because the petitioner sought a different form of relief in the subsequent motion. *See id.* This case illustrates that a post-conviction motion is not barred as successive when the movant seeks a different form of relief as compared to their earlier motion.

Several other state supreme courts have applied the rule from *Sanders* that we adopt today. *See, e.g., In re Jeffries*, 789 P.2d 731, 734-35 (Wash. 1990) (concluding petitioner's third post-conviction petition was successive even though it included new arguments because the ground for relief he asserted—the disproportionality of his death sentence—did not differ from that which he asserted in his earlier petitions, but holding that the ends of justice nonetheless supported reaching the merits of the successive petition in light of intervening developments in state law regarding proportionality challenges); *Woodmansee v. Stoneman*, 315 A.2d 249, 251 (Vt. 1974) (holding that a second habeas petition was successive because the petitioner presented the same ground for relief—the insufficiency of the information on which

he was charged—as in the first petition, even though the petitioner "couched [the second petition] in slightly different language, and summoned a different legal theory to support it"); *Perry v. State*, 429 P.2d 249, 253-54 (Alaska 1967) (applying "the *Sanders*[] criteria" and determining that two habeas petitions raised the same ground for relief—"that the Governor's warrant of arrest . . . was not supported by a legally sufficient application for requisition or demand"—even though the petitioner used different legal arguments and language to support each petition); *People v. Henderson*, 235 N.E.2d 580, 581-82 (Ill. 1968) (applying *Sanders* and holding that a post-conviction petition challenging a police search under the Fourth, Fifth, and Sixth Amendments was successive when the petitioner had previously challenged the constitutionality of the search on direct appeal). We find these cases instructive as we apply *Sanders* to Mr. Terrell's second Section 23-110 motion.

### 3. Mr. Terrell's second Section 23-110 motion is successive

As illustrated by *Sanders* and its progeny, the question before us is whether Mr. Terrell asserts the same ground for relief in his second Section 23-110 motion as he did in his first Rule 35(b) motion. We conclude that the grounds for relief in both motions are the same and hold that the trial court did not abuse its discretion in ruling that his second Section 23-110 motion was successive.

In both motions, Mr. Terrell sought a reduced sentence on the grounds that the trial court improperly relied on Mr. Marshall's false victim impact statement in determining Mr. Terrell's sentence. In his first Rule 35(b) motion, Mr. Terrell asserted that Mr. Marshall's allegedly false testimony "played a major factor in the severity of how [he] was sentenced." He requested that the court reduce his sentence by "ordering [the AWIKWA and AAWA] sentences be served concurrently with the low end of the guidelines . . . or suspend all with time served." Likewise, in his second Section 23-110 motion, Mr. Terrell: (1) argues that the trial court's reliance on Mr. Marshall's victim impact statement "offends due process where Mr. Marshall falsely claimed that injuries suffered in this case" caused impotence and infertility; and (2) requests that the court "vacate his sentence in this matter and resentence him without the taint" of the false information presented during his sentencing. Although Mr. Terrell used different legal vehicles to pursue relief, in both motions he sought a reduced sentence on the grounds that the trial court wrongfully relied on Mr. Marshall's false victim impact statement.[11] Moreover, the trial court denied his

---

[11] In *Sanders*, the Supreme Court explained that, "if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues," then "an evidentiary hearing" must have been held in order for the prior denial to constitute an adjudication on the merits. 373 U.S. at 16. In denying Mr. Terrell's first Rule 35(b) motion, the trial court acknowledged Mr. Terrell's factual assertions that "the victim was recently arrested for rape and also fathered another child since the defendant shot him" and concluded that "this information does not warrant a reduction of sentence." We read this

first Rule 35(b) motion on the merits, finding that the information indicating the falsity of Mr. Marshall's statements did not warrant a sentence reduction. Because Mr. Terrell used both motions to seek a reduced sentence based on the trial court's alleged improper reliance on Mr. Marshall's testimony at sentencing, we conclude that he presented the same "legal basis for granting the relief sought" in both motions. *Sanders*, 373 U.S. at 16.

We also conclude that Mr. Terrell has not shown that the ends of justice required the trial court to reach the merits of his successive Section 23-110 motion. While an assertion of actual innocence is certainly one way a petitioner can show the ends of justice would be served by reaching the merits of the subsequent application, we acknowledge that there are different ways a petitioner could show that the ends of justice would be served including such as by showing an "evidentiary hearing on the prior application was not full and fair," or by showing "an intervening change in the law or some other justification" for one's failure to raise in a prior application. *Sanders v. United States*, 373 U.S. 1, 17 (1963); *see also Tucker v.*

---

statement as evidencing the trial court's conclusion that, even accepting Mr. Terrell's assertions that Mr. Marshall was not in fact impotent as he had claimed in his victim impact statement, no sentence reduction was warranted. As such, we conclude that the trial court's denial of Mr. Terrell's first Rule 35(b) motion constitutes a ruling on the merits because it was issued "on the basis that the files and records conclusively resolved the[] issue[]" whether Mr. Marshall's victim impact statement improperly impacted the severity of Mr. Terrell's sentence. *Id.*

*United States*, 427 F.2d 615, 617-18 (D.C. Cir. 1970); *see, e.g.*, *Kuhlmann*, 477 U.S. 436, 452-54 (1986) (noting that factual innocence could fall under the limited circumstances for relitigating a claim previously held meritless). While this is not meant to be an exhaustive list for how to meet the ends of justice test as "it cannot be too finely particularized," *Sanders*, 373 U.S. at 17, we conclude that Mr. Terrell fails to allege a sufficient basis for why the ends of justice required that the trial court reach the merits of his successive Section 23-110 motion.[12]

A comparison to the case law discussed above makes clear that, under *Sanders*, Mr. Terrell's second Section 23-110 motion is successive. In *Miller*, the

---

[12] In *Kuhlmann*, the Supreme Court explained that its ruling in *Sanders* "ma[de] clear that the burden of proof on this issue rests on the prisoner," but it noted that *Sanders* "provided little specific guidance as to the kind of proof that a prisoner must offer to establish that the 'ends of justice' would be served by relitigation of the claims previously decided against him." 477 U.S. at 445. The Court then undertook a close review of "the historic purpose of habeas corpus and the interests implicated by successive petitions for federal habeas relief from a state conviction." *Id.* at 454. As part of this review, the Court noted that "[f]inality serves many of" the State's "important interests" in the "administration of its criminal statutes," including that (1) the "[a]vailability of unlimited federal collateral review to guilty defendants frustrates the State's legitimate interest in deterring crime," (2) "finality serves the State's goal of rehabilitating those who commit crimes," and (3) "[f]inality also serves the State's legitimate punitive interests." *Id.* at 452-53. Although the Court's ruling applied specifically to federal habeas relief from a state conviction, we find that the finality concerns expressed in *Kuhlmann* remain equally salient to Section 23-110 motions. Further, "[t]his court has long looked to federal habeas case law to interpret parallel provisions of [Section] 23-110 and the meaning of the bar on 'second or successive' motions, in particular." *Long*, 163 A.3d at 783 (footnote omitted).

Fourth Circuit held that the appellant's third petition was successive notwithstanding the inclusion of a new claim—that the trial court failed to advise him of his right not to self-incriminate—because it merely operated as a new formulation of the involuntary plea claim he made in an earlier petition. 764 F.2d at 250. So too here, Mr. Terrell's claim the trial court violated his due-process rights by relying on Mr. Marshall's false testimony is merely a new formulation of his earlier claim that Mr. Marshall's false testimony improperly impacted the severity of his sentence. The case law also makes clear that Mr. Terrell's second Section 23-110 motion is successive notwithstanding the fact that he included a new factual allegation—that Mr. Marshall pleaded guilty to the rape charge—that he did not include in his first Rule 35(b) motion. In *Walker*, the Eighth Circuit held that the appellant's petition was successive even though the appellant included different factual allegations regarding the trial judge's tone of voice and demeanor to support his claim that the trial judge's bias violated his constitutional right to a fair trial because the appellant was "simply making a different factual allegation to prove the identical ground of bias or prejudice of the trial judge." 726 F.2d at 1243. Similarly, here Mr. Terrell is "simply making a different factual allegation to prove the identical ground" that the trial court improperly relied on Mr. Marshall's testimony at sentencing. *Id.* Accordingly, we reject Mr. Terrell's argument that the addition of a new factual

allegation in his second Section 23-110 motion creates a distinct ground for relief from that which he asserted in his first Rule 35(b) motion.[13]

We acknowledge that, in *Junior v. United States*, 634 A.2d 411 (D.C. 1993), this court ruled that the appellant's Section 23-110 motion alleging ineffective assistance of counsel was not successive when the appellant had previously filed a presentence motion for a new trial under Rule 33 of the Superior Court Rules of Criminal Procedure based on ineffective assistance of counsel[14] because "for the

---

[13] We acknowledge that the trial court did not expressly state that it understood that it had discretion to rule that Mr. Terrell's second Section 23-110 motion was successive only if it first found that (1) Mr. Terrell raised grounds for relief that were identical to those he raised in his first Rule 35(b) motion, (2) his first Rule 35(b) motion was denied on the merits, and (3) the ends of justice did not warrant a ruling on the merits. *See Sanders*, 373 U.S. at 15. The trial court's failure to do so, however, does not constitute error because it gave no affirmative indication that it was unaware that it possessed discretion with respect to its successiveness determination. *See In re D.N.*, 65 A.3d 88, 95-96 (D.C. 2013) ("[T]rial court judgments, which come to us with a presumption of correctness, should be upheld when there is no indication in the record that the trial court was unaware of the law's requirements." (quoting *Mattete v. United States,* 902 A.2d 113, 116 (D.C. 2006))). In fact, the trial court gave an affirmative indication that it *was* aware of its discretion with respect to its successiveness determination, as it quoted Section 23-110(e) and stated that it was "not required" to entertain a successive motion for similar relief.

[14] More specifically, the appellant's earlier motion was "a letter" addressed to the trial court in which the appellant "complain[ed] about his trial counsel's performance and ask[ed] the [trial court] to take this into account at sentencing or to grant a new trial." *Junior*, 634 A.2d at 413. The trial court "treated appellant's letter complaining about his trial counsel as a motion for a new trial" under Rule 33. *Id.* at 417.

provisions of [Section] 23-110(e) to be invoked, the first motion *must be a post-conviction motion under [Section] 23-110* before the later post-conviction motion under [Section] 23-110 can be deemed a 'second or successive motion.'" 634 A.2d at 417 (emphasis added). When read in context, however, it is clear that *Junior* is distinguishable. This court explained in *Junior* that, under our case law, there exists a distinction between a Rule 33 motion and a Section 23-110 motion that turns on "whether the defendant has been sentenced." *Id.* In that case, the appellant had yet to be sentenced at the time he filed his Rule 33 motion for a new trial. *Id.* Accordingly, "[t]he policy reasons in support of the finality of judgments and the avoidance of successive collateral motions [we]re not implicated" by his post-conviction Section 23-110 motion to vacate the judgment because "the judgment of conviction . . . was nonexistent at the time" he filed his Rule 33 motion. *Id.* In other words, the policy reasons undergirding the bar against successive motions did not apply to the appellant's Section 23-110 motion because he sought a different form of relief at a different stage of the proceeding: in the Rule 33 motion, the defendant sought *a new trial* before the trial court had entered a judgment of conviction,[15]

---

[15] This court noted that the appellant's Rule 33 motion "was not filed within seven days after the verdict, and hence, the time for filing such a motion had passed, and the trial judge was technically without authority" to hold a hearing on the motion. *Junior*, 634 A.2d at 417 (citation omitted).

whereas he sought in his Section 23-110 motion *to vacate the judgment of conviction* after it had been entered. *See id.* Here, in contrast, Mr. Terrell filed both his Rule 35(b) motion and his second Section 23-110 motion after he was sentenced. Because the appellant in *Junior* sought different forms of relief at different stages of the proceeding when he filed his pre-conviction Rule 33 motion and his post-conviction Section 23-110 motion, the case is inapposite.[16]

Accordingly, we hold that the trial court did not abuse its discretion in ruling that Mr. Terrell's second Section 23-110 motion was successive.[17]

---

[16] We note that, under *Long*, 163 A.3d 777, "the bar on second or successive motions under D.C. Code § 23-110, . . . is judgment-based" and "that after being resentenced and receiving a new judgment, a prisoner may file a [Section] 23-110 motion attacking either his sentence or underlying conviction without running afoul of the bar on second or successive motions." 163 A.3d at 788. Here, the trial court issued an amended judgment of conviction—in which it vacated one of Mr. Terrell's convictions on merger grounds in light of our remand for that purpose—after Mr. Terrell filed his first Rule 35(b) motion. Although this procedural history arguably implicates our holding in *Long*, Mr. Terrell did not make this argument in the trial court or on appeal. Accordingly, we decline to reach the question of *Long*'s applicability to the successiveness analysis in this case. *See Rose v. United States*, 629 A.2d 526, 535 (D.C. 1993) ("It is a basic principle of appellate jurisprudence that points not urged on appeal are deemed waived.").

[17] Because we hold that Mr. Terrell's motion is successive, we decline to reach the issue whether Mr. Terrell's motion is procedurally barred under *Shepard*, 533 A.2d 1278 or *Head*, 489 A.2d 450.

## III.  Conclusion

For the foregoing reasons, we affirm the trial court's order denying Mr. Terrell's second Section 23-110 motion.

*So ordered.*